UNITED STATES DISTRICT COURT Eastern District of Kentucky
EASTERN DISTRICT OF KENTUCKY   **FILED**
AT LONDON
CIVIL ACTION NO. 03-CV-183-DCR   APR 28 2004

EARLY RAY BRYANT and  AT LEXINGTON PLAINTIFFS
CLARA L. BRYANT   LESLIE G WHITMER
                 CLERK U S DISTRICT COURT

### MEMORANDUM AND AFFIDAVIT IN SUPPORT OF
v.                         MOTION TO COMPEL

CITY OF WILLIAMSBURG, et al                                    DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

Come Plaintiffs, by and through counsel, and for their Memorandum and Affidavit of Counsel in Support of Motion to Compel, state as follows:

As this Court is aware, the present action was filed pursuant to 42 U.S.C. § 1983, alleging excessive force and other claims in relation to an incident occurring on May 1, 2002, in Williamsburg, Kentucky. As is set forth in the Magistrate Judge's Order of April 20, 2004, Plaintiffs have also alleged that Defendants, Don Hamlin, Mayor Bill Nighbert and the City of Williamsburg failed to adequately train and supervise its officers from refraining from the use of unreasonable and excessive force. Furthermore, Plaintiffs have alleged a pattern and practice of unlawful conduct by the City of Williamsburg Police Department. The Defendants refused to properly respond to discovery requests aimed at the training, supervision and pattern and practice claims.

It is important to update the Court on the procedural posture of this case and the events of last week. Beginning on May 19th, Plaintiffs commenced the depositions of the three police officers and the Williamsburg Police Department Chief Don Hamlin. During the course of Officer Roger Wayne Bird's deposition, the Defendants objected to questions regarding alleged police misconduct which occurred after May 1, 2002 and

instructed Officer Bird to not answer the questions. This led to a conference call hearing with Magistrate Judge Todd, the results of which are reflected in the Court's Order of April 20, 2004. In that Order, the Court reviewed Fed.R.Civ.P. 26(B)(1) which provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of the party. The Magistrate Judge also reiterated the liberal scope of pretrial discovery and concluded that inquiry into those matters could lead to the discovery of admissible evidence.

As the depositions proceeded, one or more of the Defendant officers made reference to a document known as a "Use of Force Report." No "Use of Force Reports" were provided to Plaintiffs' counsel in response to the discovery requests. These forms contain detailed information regarding each and every use of force by the Williamsburg Police Department. They are apparently kept together in a file or notebook in the office of the Williamsburg Police Chief. Upon further inquiry, counsel for Defendants agreed to fax the Use of Force Report from the May 2, 2002 incident involving the Plaintiff for use during the depositions. However, Defendants refused to provide any other Use of Force Reports maintained by the City of Williamsburg and Police Chief Don Hamlin. Plaintiffs believe that these reports would be responsive to Request for Production of Documents Nos. 4, 5, 6, and 7. Most certainly, the report concerning the Plaintiffs' incident should have been provided under Request for Production No. 7, in the discovery responses served in advance of the depositions.

On Tuesday, April 20, 2004, the Plaintiffs commenced the deposition of Williamsburg Police Chief Don Hamlin. During his aborted testimony, Chief Hamlin testified that the employee performance evaluations of Williamsburg police officers, if

any exist, would be in the custody of the City of Williamsburg and possibly the former Mayor, Bill Nighbert. These documents were specifically requested in Request for Production of Documents No. 2. Both the City of Williamsburg and Bill Nighbert are parties to this action. Defendants acknowledged that there might be documents in the possession of the City of Williamsburg which were not produced. At that point, the parties agreed to reconvene the deposition of Chief Hamlin after any documents in the possession of the City of Williamsburg were produced pursuant to Plaintiffs' discovery requests.

Thereafter, counsel engaged in a discussion regarding Defendants' objection to Request for Production No. 5. Plaintiffs reiterated that Request for Production No. 5 sought <u>all</u> documents related to <u>any</u> employee of the City of Williamsburg Police Department, not just the named Defendants. Counsel for Defendants refused to provide any further documents and invited this Motion to Compel.

On Thursday, April 22, 2004, Plaintiffs' counsel contacted counsel for Defendants after receipt of the Magistrate Judge's Order of April 20, 2004. Counsel urged Defendants' counsel to voluntarily produce the documents in light of the Magistrate Judge's broad ruling on discovery in these matters. The Defendants agreed to reconsider but ultimately affirmed their refusal to provide the documents.

Plaintiffs have asserted a well-taken failure to train and supervise claim, along with a pattern and practice of excessive force claim. In order to establish this type of claim, it is certainly relevant to review any complaint made against any officer of the Williamsburg Police Department. As to the failure to train and supervise and pattern and practice claims, counsel must establish that there was an inadequate training

program, a lack of oversight and/or a pattern and practice of abuse within the City of Williamsburg Police Department. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389-92 (1989). Without the ability to review all complaints against officers of the City of Williamsburg Police Department, it is impossible for the Plaintiffs to have the ability to prove this type of serious claim. Plaintiffs have received numerous complaints through open records requests with the Attorney General's office and the City of Williamsburg. Plaintiffs have received numerous complaints through interviews of witnesses. The Civil Rights Division of the U.S. Department of Justice investigated incidents in 1998 and 2001 brought to its attention by the FBI regarding officers of the Williamsburg Police Department. This is not a "fishing expedition" as defense counsel asserted during the discovery telephone conference. These are extremely serious and legitimate issues in which Plaintiffs already have obtained significant amounts of information. Records pertaining to any and all police officers who have had complaints lodged against them as specifically outlined in the Request are relevant to this type of claim.

Counsel for Plaintiffs have expended considerable time and resources attempting to access all of the pertinent documentation to this type of claim. With the liberal scope of discovery in the Federal Courts, there is simply no basis for the Defendants to object to this request and cost Plaintiffs further time and money. This is an issue which should have been resolved by agreement because the materials are clearly discoverable. Accordingly, the Plaintiffs respectfully request that the Defendants be ordered to respond to the outstanding discovery requests forthwith so that Plaintiffs may continue to depose the relevant witnesses.

Respectfully submitted,

McBRAYER, McGINNIS, LESLIE
& KIRKLAND, PLLC
201 E. Main Street, Suite 1000
Lexington, KY 40507
(859) 231-8780

BY: _____
STEPHEN G. AMATO
JARON P. BLANDFORD
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was served via hand delivery this 28th day of April, 2004, upon the following:

Bernard F. Lovely, Esq.
J. Stan Lee, Esq.
Vimont & Wills
155 East Main Stree
Lexington, KY 40507

_____
ATTORNEY FOR PLAINTIFFS

p:\dianep\jaron\bryant\memo in support of motion to compel

5