Eastern District of Kentucky
FILED
JUN 24 2004
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 03-183-DCR

EARLY RAY BRYANT, ET AL.,                                                                                                    PLAINTIFFS

V.                       **MEMORANDUM OPINION AND ORDER**

CITY OF WILLIAMSBURG,
KENTUCKY, ET AL.,                                                                     DEFENDANTS

\* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

The incident that gave rise to this action occurred on or about May 1, 2002, in Williamsburg, Kentucky, wherein plaintiff Early Bryant was arrested and charged with Disorderly Conduct, Trespassing, and Resisting Arrest, charges that were all subsequently dismissed prior to trial.

On April 9, 2003, plaintiffs Early Ray Bryant and Clara L. Bryant, his wife, filed this action, filed pursuant to 42 U.S.C. § 1983, against defendants City of Williamsburg, Kentucky; City of Williamsburg Police Department; Bradley Nighbert, individually and in his official capacity as a police officer for the City of Williamsburg, KY; Roger Bird, individually and in his official capacity as a police officer for the City of Williamsburg, KY; Dennis Shelley, individually and in his official capacity as a police officer for the City of Williamsburg, KY; Don Hamlin, individually and in his official capacity as Chief of Police for the Williamsburg Police Department, alleging that he (Early Bryant) was unlawfully arrested on or about May 1, 2002, that defendant Bradley Nighbert used excessive force against him in effecting his unlawful arrest, that defendants Bird and Shelley failed to intervene and take any action to prevent defendant Bradley Nighbert's unlawful conduct, and that defendant Chief of Police Don Hamlin failed to train defendant Bradley Nighbert to refrain from using unreasonable and excessive force before, during, or after making an arrest, and otherwise failed to train defendants Bird and Shelley, all in violation of plaintiff Early Bryant's constitutional rights.

Plaintiffs also allege that prior to this incident involving defendant Bradley Nighbert, the City of Williamsburg, Kentucky, was on notice of prior aberrant behavior by Bradley Nighbert and failed to take preventative and remedial measures to guard against further unlawful conduct by Bradley Nighbert, giving rise to a claim of deliberate indifference to his safety needs and his serious medical needs, and that defendant City of Williamsburg, Kentucky, failed to adequately train its police officers, as a matter of pattern and practice or custom, all in violation of his constitutional rights. Plaintiff Early Bryant also asserts supplemental state law claims for false arrest, assault and battery, and malicious prosecution against the defendants, and plaintiff Clara L. Bryant asserts a supplemental state law claim for loss of consortium. In a First Amended Complaint filed on April 5, 2004, plaintiffs added Bill Nighbert, individually and in his official capacity as Mayor of the City of Williamsburg, Kentucky, as defendant herein.

Plaintiffs seek compensatory damages, punitive damages, costs, and attorney's fees.

This motion is before the court on plaintiffs' motion to compel discovery from defendants, and this motion is ripe for review.[1]

## II. PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Subsequent to a telephone conference call with the Magistrate Judge on April 20, 2004, concerning plaintiffs' request for information concerning post-incident allegations of police misconduct involving defendants Bradley Nighbert, Roger Bird, and Dennis Shelley, plaintiffs moved to compel defendants to produce documents responsive to certain Requests for Production of Documents concerning plaintiffs' failure to train and supervise claim and plaintiffs' claim that there is a pattern and practice in the excessive use of force. Plaintiffs submit that the requested discovery in dispute is relevant to their claims concerning pattern and practice and failure to train

---

[1] Pursuant to numerical ¶ 5 of the district court's Scheduling Order entered herein on February 4, 2004, all discovery disputes were referred to Magistrate Judge J.B. Johnson, Jr., for resolution. [DE #24]. However, by Order of February 5, 2004, Magistrate Judge J.B. Johnson, Jr., recused himself from this action and reassigned this matter to the undersigned Magistrate Judge. [DE #25].

and supervise and that it is well settled that plaintiffs asserting such claims are entitled to the documents plaintiffs herein have requested, as they will be unable to prove such claims in the absence of such discovery. In support of this argument, plaintiffs rely on *City of Canton, Ohio v. Harris,* 489 U.S. 378, 389-92 (1989).

In response, defendants note that as seen in *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978), the City of Williamsburg, Kentucky, would not be liable to plaintiffs under a *respondeat superior* theory of liability, simply because of alleged tortious conduct by an employee of the City, and that the City's liability in this matter hinges on whether an official policy or custom of the municipality is responsible for the deprivation of plaintiffs' constitutional rights. Consequently, defendants submit that plaintiffs' discovery requests must be confined to information tending to prove that there is a causal link between the City's policy or custom and the injuries about which plaintiffs complain, and for this reason, defendants contend that plaintiffs are not entitled to the discovery in dispute.

## Analysis

In considering this matter, the Magistrate Judge is mindful of the scope of discovery permitted by Fed.R.Civ.P. 26(b), subsequent to the 2000 amendment thereto, which permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . ."

This discovery dispute concerns plaintiffs' request for Use of Force Reports, employee evaluations, prior complaints lodged against police officers, and evidence regarding post-incident allegations of police misconduct, as considered below:

**A.    Use of Force Reports**

In response to Document Request No. 11, defendants produced the Use of Force Report concerning this incident; however, defendants have declined to produce any other Use of Force Reports on the grounds that (1) this request is overly broad and unduly burdensome in that it is unlimited in time and does not specify a reasonable time frame for the production of such

documents, and (2) any Use of Force Reports regarding police officers other than the police officers who are named as defendants herein are irrelevant to this action, since "[t]he central issue is whether the City of Williamsburg was 'deliberately indifferent' to the actions of only the defendant officers." Defendants' Response to Motion to Compel, p. 4 - DE #45.

The Magistrate Judge agrees with defendants that since plaintiffs' request for the Use of Force Reports is unlimited in time, it is too broad. Defendants should not be required to produce all Use of Force Reports that have ever been generated by the Williamsburg Police Department from its inception. The Magistrate Judge concludes that defendants should only be required to produce Use of Force Reports for a period of five (5) years preceding the incident giving rise to this action and any subsequently generated Use of Force Reports to date.

However, the Magistrate Judge is unpersuaded by defendants' argument that any Use of Force Reports regarding police officers other than the police officers who are named as defendants herein are irrelevant to this action. This argument ignores the fact that there other claims asserted herein besides plaintiffs' "deliberate indifference" claim. Plaintiffs have also claimed that Officers Bird and Shelley failed take any action to prevent defendant Bradley Nighbert's unlawful conduct, and that defendant Chief of Police Don Hamlin failed to train defendant Bradley Nighbert to refrain from using unreasonable and excessive force before, during, or after making an arrest, and otherwise failed to train defendants Bird and Shelley, and that it is the pattern and practice or custom of defendant City of Williamsburg, Kentucky, to fail to adequately train its police officers. Consequently, the Magistrate Judge concludes that plaintiffs are entitled to the Use of Force Reports for all police officers, since these reports may yield information that is relevant to plaintiffs' claim of pattern and practice and custom in failing to adequately train police officers.

**B.    Employee evaluations**

In Request No. 2 of plaintiffs' Request for Production of Documents plaintiffs requested "any and all documents reflecting evaluations" of the individual defendants herein, including any written

4

performance reviews. Defendants' response to this request says "See attached." Thus, apparently defendants produced documents in response to Document Request No. 2.

Additionally, the topic of employee evaluations was also discussed during the deposition of Police Chief Don Hamlin prior to its suspension. In responding to plaintiffs' motion to compel, defendants state that the employee performance evaluations of the City's police officers that were given by Mayor Bill Nighbert, to which Police Chief Hamlin referred in his deposition, were *oral* evaluations; therefore, defendants have no documents to produce concerning Mayor Nighbert's employee evaluations.

### C.  Prior citizen complaints lodged against police officers

In Document Request No. 5, plaintiffs requested production of all documents reflecting individual complaints made against any City employee concerning excessive use of force, improper arrest, assault or battery, and/or wrongful retention of or destruction of personal property.

Defendants objected to this request as being overly broad and unduly burdensome and not being reasonably calculated to lead to the discovery of admissible evidence. However, defendants did produce a copy of the personnel files of the defendant police officers.

The matter of citizen complaints made against the City's police officers is also a component of plaintiffs' motion to compel discovery. In responding to plaintiffs' motion to compel, defendants state that they have produced information concerning prior complaints made against defendants Hamlin, Bradley Nighbert, Bird, and Shelley. Defendants otherwise object to plaintiffs' motion to compel on the grounds that it is overly broad and unduly burdensome, pointing out that since it is unlimited in time, defendants would be required to produce documents concerning all citizen complaints since the inception of the Williamsburg Police Department. Defendants also assert that even if the unlimited time frame were narrowed, this request is still overly broad as it requests documents concerning complaints against other officers about matters that are irrelevant to the claims asserted herein, such as complaints concerning the wrongful detention of or destruction of personal property.

The Magistrate Judge agrees with defendants that plaintiffs' request for the production of citizen complaints against police officers, as written, is too broad. Defendants should not be required to produce all citizen complaints made against any police officer dating back to the formation of the Williamsburg Police Department. The Magistrate Judge concludes that defendants should only be required to produce citizen complaints made against any police officer for a period of five (5) years preceding the incident giving rise to this action and any subsequent citizen complaints filed against any police officer to date. Additionally, the citizen complaints produced should be limited to complaints against concerning excessive use of force, unlawful arrest, assault and battery, and malicious prosecution. Citizen complaints about matters that are not germane to this action, such as the wrongful detention of or destruction of personal property, are irrelevant and need not be produced.

### D.  Discovery of post-incident events of alleged police misconduct

As noted in the Order of April 20, 2004, plaintiffs have requested discovery concerning any similar claims of alleged police misconduct asserted against the defendants for any incidents occurring subsequent to May 1, 2002, the date of the incident in question. Plaintiffs submit that such discovery is relevant to plaintiffs' pattern and practice claim against the Williamsburg Police Department and that while subsequent, similar events, if any, may not be admissible at trial, this information is relevant and could lead to admissible evidence.

Defendants object to the discovery of post-incident events of alleged police misconduct on the grounds of relevancy, arguing that any claims of alleged police misconduct occurring subsequent to May 1, 2002, would not be admissible to prove that similar misconduct occurred on May 1, 2002. Defendants also argue that by this request, plaintiffs' counsel are attempting to obtain "free discovery" as grounds for filing additional lawsuits against the defendants.

Fed.R.Civ.P. 26(b)(1) provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. This rule further provides: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead

to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Given the liberal scope of pretrial discovery, the Magistrate Judge concludes that while any claims of similar allegations of police misconduct involving the same three police officers who are named as defendants herein (Bradley Nighbert, Bird, and Shelley) occurring subsequent to May 1, 2002, as well as similar allegations of police misconduct made against any other City police officers occurring subsequent to May 1, 2002, may ultimately prove not to be admissible at trial, the Magistrate Judge concludes that any information concerning post-incident allegations of police misconduct could lead to the discovery of admissible evidence and is relevant to plaintiffs' pattern and practice claim.

Consequently, the Magistrate Judge concludes that plaintiffs are entitled to discovery information concerning post-incident allegations of police misconduct made against any police officer.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion to compel discovery [DE #43] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    a. Defendants' objection to the production of Use of Force Reports, other than the Use of Force Report produced concerning this incident, is **OVERRULED** to the extent that defendants are directed to produce all Use of Force Reports for a period of five (5) years prior to May 1, 2002, and any subsequently generated Use of Force Reports to date.

    b. Based on defendants' representation that the employee evaluations made by Mayor Bill Nighbert were oral evaluations and that there were no written employee evaluations made by him, defendants cannot produce non-existent written employee evaluations.

    c. Defendants' objection to the production of citizen complaints made against police officers other than the named defendant police officers is **OVERRULED** to the extent that defendants are directed to produce all citizen complaints made against any police officer for a period of five (5) years prior to May 1, 2002, and any subsequent citizen complaints filed against any police officer to date. Additionally, the citizen complaints produced should be limited to complaints concerning

excessive use of force, unlawful arrest, assault and battery, and malicious prosecution. Citizen complaints about matters that are not germane to this action, such as the wrongful detention of or destruction of personal property, are irrelevant and need not be produced.

    d. Defendants' objection to the discovery of post-incident allegations of police misconduct is **OVERRULED**.

    2. Defendants are directed to provide the foregoing discovery to plaintiffs within ten (10) days of the date of this Order.

This 24TH day of June, 2004.

_____
JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE