UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LONDON
CIVIL ACTION NO. 03-CV-183-DCR

Eastern District of Kentucky
FILED
AUG 0 3 2004
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

EARLY RAY BRYANT and
CLARA L. BRYANT                                                                    PLAINTIFFS

v.

**PLAINTIFFS' SECOND MOTION TO COMPEL, MOTION FOR
SANCTIONS, AND MOTION FOR LEAVE TO FILE
SUPPLEMENTAL RULE 26 DISCLOSURES**

CITY OF WILLIAMSBURG, et al                                                  DEFENDANTS

\* \* \* \* \* \* \* \* \*

Come Plaintiffs, by and through counsel, and hereby move the Court to compel Defendants to fully respond to their discovery requests, move this Court to issue sanctions against Defendants, and move this Court to accept for filing the Rule 26 supplemental disclosure tendered herewith. In support of their Motion, Plaintiffs state as follows:

### Motion to Compel/Sanctions

By order dated June 24, 2004, this Court sustained much of this Plaintiffs' first Motion to Compel in relation to certain documents that the Defendants refused to provide in response to Plaintiffs' Request for Production of Documents. Defendants claimed to have complied with the Court's Order by supplementing their responses July 7, 2004. Since that time, Plaintiffs have discovered a serious citizen complaint which was filed with and acknowledged and received by the Defendants, which contains alarming allegations of professional misconduct on behalf of Defendant officer Bradley Nighbert, the officer who beat the Plaintiff in this case. This report was received by the Defendants within the time period for which this Court ordered documents to be produced. This document lodges very serious misconduct allegations against Defendant Nighbert, some even of a criminal nature, and yet the document was withheld from production

by the Defendants. A copy of that document is attached hereto as Exhibit "A." This document is clearly responsive to Request for Production No. 7, which Defendant's Response is attached hereto as Exhibit "B" and dated July 7, 2004. The complaint in issue, Exhibit "A" was received by the City of Williamsburg on June 24, 2004.

Accordingly, the Plaintiffs respectfully request that this Court enter a second Order compelling the Defendants to provide **all** discovery, and to order sanctions against the Defendants for withholding the documentation.

The Court should be aware that Plaintiffs do not assert that **counsel** for Defendants have withheld any documents; however, Plaintiffs have serious concerns in regard to the Defendants' own sincerity in providing the appropriate documents to their counsel in response to discovery requests. The first time that Plaintiffs discovered that the Defendants failed to provide requested and discoverable documentation was the "Use of Force Report" in relation to the Ray Bryant incident. Defendants were expressly given the benefit of any doubt and the first motion clearly acknowledged the excusable inadvertence, not alleging any intentional omission with the Court. However, now after having been compelled to produce specific documents, the Defendants have again failed to produce a critical document alleging serious professional misconduct against the primary individual defendant herein, Officer Bradley Nighbert.

As such, Plaintiffs request that this Court admonish and advise the Defendants of the seriousness of working with their counsel in order to properly comply with discovery requests, orders of this Court, and of the powers of this Court in relation to these matters.

### Supplemental Disclosures

Plaintiffs have served Defendants a supplemental disclosure identifying and setting forth expected testimony of expert witness William G. Weedman, a police officer employed by the

Louisville/Metro Government Police Department. The supplemental disclosure also identifies Intergraph Solutions Group, Inc., a company that will enhance the original VHS video from the incident in dispute in this case. This Court's Order of July 13, 2004 granted additional time for discovery but did not specifically address experts. Plaintiffs expert witness testimony depends, in part, upon the completion of discovery. The trial in this case is scheduled for January 25, 2005 and discovery has been extended through October 2004. Therefore, Plaintiffs respectfully request this Court to permit them through the end of September in which to further supplement these disclosures. This will enable them at least the chance to complete Defendant Hamlin's deposition. There will be no prejudice to Defendants. Furthermore, Plaintiffs inability to complete its expert disclosures/reports has been the result of Defendants' failure to provide discovery, which is ongoing as set forth above.

Plaintiffs have retained Intergraph Solutions (hereinafter "Intergraph") to enhance the videotape, which depicts part of the incident at issue in this case. In June of 2004, Intergraph advised that it would be necessary to have the original video from the incident to complete the enhancement process. Plaintiffs requested the original on July 2, 2004 and by follow-up letter of July 6, 2004, but have yet to receive it from the Defendants. Until that original video is provided, Intergraph cannot provide its report. Accordingly, Plaintiffs would respectfully request 30 days from the date of receipt of the original video to provide Intergraph's expert report.

Plaintiffs have retained William Weedman, a Major with the Louisville/Metro Government Police Department, who is expected to testify that the tactics used by the Defendant City of Williamsburg Police Officers against Plaintiff Early Ray Bryant are inconsistent with their training and inconsistent with the type of training that is generally approved in law

enforcement. Pending the results of additional discovery from Chief Hamlin, Major Weedman may also provide expert opinions to the effect that the Williamsburg Police Department failed to properly evaluate and supervise its individual police officers so as to effectively prevent the type of unlawful and inappropriate conduct that injured Plaintiff Early Ray Bryant on May 1, 2002. Major Weedman has not been able to provide his report because Plaintiffs have not received all the discovery in this case. As this Court was made aware, Williamsburg Police Department Chief Don Hamlin's deposition was cancelled while it was ongoing, because it was discovered certain documents weren't provided by Defendants. Plaintiffs would request a brief extension to provide William Weedman's expert report until after Defendants have completely complied with all outstanding discovery requests and taken the deposition of Don Hamlin. An extension through the end of September should be sufficient. Furthermore, the trial date and other substantive deadlines in this case would not be affected, consistent with this Court's Order of July 13, 2004.

Accordingly, Plaintiffs respectfully request that this Court sustain its Motions filed herein.

Respectfully submitted,

McBRAYER, McGINNIS, LESLIE
& KIRKLAND, PLLC
201 E. Main Street, Suite 1000
Lexington, KY 40507
(859) 231-8780

BY: _____
STEPHEN G. AMATO
JARON P. BLANDFORD
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was served via hand delivery this 3rd day of August, 2004, upon the following:

Bernard F. Lovely, Esq.
J. Stan Lee, Esq.
Todd C. Myers, Esq.
Vimont & Wills
155 East Main Street, Suite
Lexington, KY 40507

_____
ATTORNEY FOR PLAINTIFFS

p:\dianep\jaron\bryant