UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 03-183

EARLY RAY BRYANT and
CLARA L. BRYANT, PLAINTIFFS,

v. **OPINION AND ORDER**

KENNETH B. NIGHBERT, DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Verified Motion of the Plaintiffs, Early Ray Bryant ("Bryant") and Clara L. Bryant for Award of Costs and Attorney's Fees (Rec. No. 117). For the following reasons, the Court GRANTS the Motion in part and DENIES it in part. The Court GRANTS the motion insofar as the Bryants request an award of reasonable attorneys' fees and costs and the Motion is otherwise DENIED. The Court further ORDERS that the Bryants shall be awarded attorneys' fees in the amount of $148,391.50 and costs of $17,453.88.

I.   FACTS.

A.   **Plaintiffs' Complaint.**

In their original Complaint which was filed on April 9, 2003, the Bryants named six defendants: the City of Williamsburg, Kentucky; City of Williamsburg Police Department; Williamsburg Police Chief Don Hamlin and Williamsburg Police Officers Bradley Nighbert, Dennis Shelley and Roger Bird. (Rec. No. 1, Verified Complaint). On April 5, 2004, the Bryants filed an Amended Complaint naming Williamsburg Mayor Bill Nighbert as a defendant. (Rec. No. 36, First Amended Complaint).

In the Amended Complaint, Bryant and his wife asserted the following claims:

- Bryant's 42 U.S.C. § 1983 claims against Officer Nighbert charging that he used excessive force against Bryant during his arrest;

- Bryant's § 1983 claims against Officers Shelley and Bird charging that they failed to intervene to prevent Nighbert from using excessive force against Bryant;

- Bryant's § 1983 claims against the City of Williamsburg, the Police Department, the police chief and the mayor, charging that an official city policy, practice or custom caused Officer Nighbert to use excessive force against Bryant;

- Bryant's § 1983 claim against the police chief charging that he authorized or approved the excessive force;

- state law claims of assault and battery; false imprisonment and arrest and malicious prosecution against Officer Nighbert; and a state law claim of intentional infliction of emotional distress against all defendants; and

- Clara L. Bryant's loss of consortium claim against all Defendants.

(Rec. No. 36, First Amended Complaint).

**B.     Outcome.**

**1.     Claims Dismissed as a Matter of Law.**

The Defendants moved for Summary Judgment on all claims and, by Opinion and Order dated December 23, 2003 (Rec. No. 20, Memorandum Opinion and Order), the Court dismissed Bryant's state law claims of false arrest and malicious prosecution finding that Officer Nighbert had probable cause to arrest Bryant for Criminal Trespass and Disorderly Conduct.

The Defendants later renewed their Motion for Summary Judgment with regard to the remaining claims. By Opinion and Order dated March 31, 2005 (Rec. No. 86), the Court

dismissed the claims against Mayor Nighbert finding they were barred by the applicable statute of limitations. The Court likewise dismissed the claims against the police chief in his individual capacity, finding that Bryant had presented no evidence that he "implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct." *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989). The Court also dismissed the claims against the City of Williamsburg, its police department and the Defendants in their official capacities, finding that Bryant had presented insufficient evidence that the city had a custom or policy condoning excessive force as required for municipal liability under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). Finally, in the March 31, 2005 Opinion, the Court dismissed Bryant's state law claim of intentional infliction of emotional distress.

    **2.**    **Jury Trial.**

As a result, the sole issues that remained for jury trial were Bryant's § 1983 claims against Officers Nighbert, Bird and Shelley in their individual capacities; Bryant's assault and battery claim against Officer Nighbert in his individual capacity; and Clara Bryant's loss of consortium claim against the officers.

Trial of these matters began on April 26, 2005. The jury returned a verdict in favor of Officers Bird and Shelley finding that neither of them had violated Bryant's constitutional rights by failing to intervene to prevent Officer Nighbert from using excessive force against Bryant. (Rec. No. 114, Verdict Form). As to Officer Nighbert, the jury found he had used excessive force when arresting Bryant but that he did not commit assault and battery. The jury awarded Bryant $25,000 in compensatory damages and awarded his wife $10,000 for loss of companionship and support.

### C. Plaintiffs' Request for Attorney's Fees and Nighbert's Objections.

The Bryants now request attorneys' fees in the amount of $169,844.50[1] and costs in the amount of $17,453.88. In his response, Officer Nighbert argues that the Court should reduce the requested attorney's fees and costs in the following manner:

- "an <u>initial</u> minimum reduction of plaintiffs' fees and costs by fifty percent (50%) due to frivolous extensive litigation on unsuccessful-unrelated claims; excessive fees; duplication and obvious padding." (Rec. No. 118, Response at 13).

- a reduction in the Plaintiffs' attorneys' hourly rate from $195 per hour to $110 per hour. (Rec. No. 118, Response at 15).

- Another reduction of 75% "to reflect the limited success as required under *Hensley.*" (Rec. No. 118, Response at 17).

Officer Nighbert argues that, after applying these reductions, the Court should award attorneys fees of $14,012.17 and costs of $2,181.67.

### II. ANALYSIS.

Pursuant to 42 U.S.C. § 1988, this Court has discretion to award attorneys' fees to a prevailing party in an action brought under § 1983. 42 U.S.C. § 1988(b). In fact, a "prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)(quotations and citation omitted).

Although the Bryants did not prevail on every claim in their Complaint, they did succeed on a "significant issue in litigation which achieves some of the benefit the parties

---

[1] The Court notes that, in the portion of the Plaintiffs' attorneys' billing statement itemizing attorney time by *date*, the fees total $169,844.50. In the portion of the billing statement itemizing attorney time by *attorney*, the fees appear to total $169,649.50. In calculating the attorneys' fees awarded in this case, the Court has used the portion of the billing statement itemizing attorney time by *attorney*.

sought in bringing suit." *Hensley*, 461 U.S. at 433 (1983). Therefore, the Bryants are "prevailing parties" within the meaning of 42 U.S.C. § 1988. *Id.*

### A.    Attorneys' Fees.

The federal approach for determining the amount of attorneys' fees to award was set forth by the Supreme Court in *Hensley v. Eckerhart, supra.* Under this approach, the starting point for determining a reasonable fee is to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* at 433. The product, commonly referred to as the "lodestar," is "presumed to be the reasonable fee contemplated by § 1988." *City of Riverside v. Rivera*, 477 U.S. 561, 568 (1986) "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437.

### 1.    Reasonable Hourly Rate.

Attorney fees are to be based on the market rates for the services rendered. *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995). A reasonable rate is one which will attract qualified and competent counsel but will not produce a windfall to the attorneys. *Northcross v. Board of Ed. of Memphis Schools*, 611 F.2d 624, 638 (6th Cir. 1979). Specifically, the court should look to the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

"The Sixth Circuit has resolved that, when a counselor has voluntarily agreed to represent a plaintiff in an out-of-town lawsuit. . . the court should deem the 'relevant community' for fee purposes to constitute the legal community within that court's territorial

jurisdiction; thus the 'prevailing market rate' is that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record. . . ." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343,350 (6th Cir. 2004).

       This Court's territorial jurisdiction is the Eastern District of Kentucky. Accordingly, the rates in the Eastern District as a whole will be considered instead of, as Officer Nighbert argues, the prevailing rates in London, Kentucky, the particular jury division to which this case was assigned. The Court also notes that the Plaintiffs' attorneys state in their Verified Reply that the Bryants had to retain Lexington counsel because no attorneys with experience in § 1983 cases were willing to undertake representation against the police in the Williamsburg community. (Rec. No. 119, Verified Reply at 8).

       Plaintiffs have submitted evidence in the form of affidavits from two attorneys practicing in the Eastern District that a reasonable hourly rate in this District is $195-$225 per hour. The Court being generally familiar with prevailing rates in the District, finds that this hourly fee is reasonable for a partner working on civil rights litigation. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)(the Court is itself an expert on attorneys' fees and may "consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.")

       The Plaintiffs' attorneys state in their Verified Complaint that the rate "regularly charged" by each of them is $195 per hour. (Rec. No. 117, Verified Motion and Affidavit for Attorneys' Fees at 2). There is no evidence to the contrary in the record. Nevertheless, it is not this Court's experience that a seventh-year associate and a partner with approximately 15 years experience customarily charge the client the same hourly rate when both are working on a case.

While associate Jaron P. Blandford may well charge $195 per hour when he is lead counsel on a case, the Court finds that, in this case, where Mr. Blandford acted as second chair to a partner charging $195 per hour, a more reasonable hourly rate for Mr. Blandford is $150 per hour. Thus, the Court will calculate the lodestar using hourly rates of $150 for Mr. Blandford and $195 for Mr. Amato and a maximum hourly rate of $225 per hour for all partners assisting in this case.

### 2. Reasonable Hours.

#### a) Reduction for Excessive Hours.

In calculating the number of hours reasonably expended on litigation, the Court should exclude "hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice is ethically obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434. Officer Nighbert argues that, in this litigation, "it is obvious that there were many hours unnecessarily expended. . . ." (Rec. No. 118, Response at 7).

Office Nighbert specifically points to the time spent by Plaintiffs' attorneys in collecting and analyzing medical records. (Rec. No. 118, Response at 11). The records, however, were relevant to Bryant's claims for pain and suffering. Further, Bryant's counsel reasonably spent time gathering and analyzing these records after defense counsel requested a release of all such records and detailed medical information from Bryant in interrogatories. The Court has reviewed the time spent on the medical records and finds it reasonable.

Officer Nighbert also objects to the time spent deposing Nurse Stephen Miller. Miller's deposition was used at trial. The Court has reviewed the time spent on his deposition and finds it reasonable. Officer Nighbert also objects to time spent on expert witness Bill Weedman.

Weedman also testified at trial. The Court cannot find that time spent obtaining his report and testimony was unreasonable.

Nighbert asserts that "[w]ithout question, six (6) attorneys and eight (8) support staff who billed a total of 1,038.30 hours is overkill!" (Rec. No. 118, Response at 8). Nighbert further argues the attorneys' fees are unreasonable due to duplication and "obvious padding." (Rec. No. 118, Response at 13). After reviewing the bill, the Court notes that attorneys Amato and Blandford account for all but a small amount of the attorney time on the case. As to the support staff, the time period during which eight staff members billed some time on this case was approximately 2 ½ years. None of this time is unreasonable.

With regard to charges of "padding," Bryant has submitted the affidavit of an attorney experienced in civil rights law and litigation who states that the time expended on this litigation was reasonable and necessary. The record contains no evidence to the contrary. The Court finds that the hours spent on this litigation were not excessive, redundant or otherwise unnecessary. Accordingly, the Court will not reduce the hours submitted by the Plaintiffs' attorneys on this basis.

> **b)** **Reduction for Hours Spent on Unrelated Claims or Limited Success.**

"In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit. . . work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved. . .and therefore no fee may be awarded for services on the unsuccessful claim." *Hensley*, 461 U.S. at 434-35.

In other cases:

> the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead, the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Id.* at 435.

Thus, where a plaintiff has not prevailed on every claim, if the Court determines that the unsuccessful claims are "unrelated" to the successful claim, it should subtract the hours spent on the unsuccessful claims. When, however, the unsuccessful claims are" related" to the successful claims, then the Court should determine whether a reduction in the lodestar calculation is nonetheless appropriate, asking whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.* at 434.[2]

"[T]he extent of a plaintiff's success is a crucial factor that the district courts should consider carefully in determining the amount of fees to be awarded." *Id.* at 440 n.14. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."

---

[2] In *Hensley*, the Supreme Court recognized that the lodestar calculation may be adjusted upward or downward on the basis of twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) : (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 430 n.3 & 434 n.9. Nevertheless, the Court stated that many of these factors are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate. *Id.* at 434 n.9. The Court emphasized that "results obtained" is the "particularly crucial" factor. *Id.* at 434.

*Id.* at 435. "In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.* Where, however, "a plaintiff has achieved only partial or limited success, the [lodestar calculation] may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id*. at 436.

"Generally, a strong presumption favors the prevailing lawyer's entitlement to his lodestar fee." *Adcock-Ladd*, 227 F.3d at 350 (quotations and citations omitted). "Accordingly, modifications to the lodestar are proper only in certain rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts." *Id.* (quotations and citations omitted).

"[S]uccessful and unsuccessful claims are deemed related when they involve a common core of facts, are based on related legal theories or when counsel's time is devoted generally to the litigation as a whole, making it difficult to divide the hours expended." *Barnes v. Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005).

Bryant's successful claim against Officer Nighbert involved the allegation that the officer used excessive force when he arrested Bryant. The claims against the city and defendants in their official capacities (the "*Monell* claims") involved allegations that the city had a policy or custom condoning the use of force. *Thompson v. Ashe*, 250 F.3d 399, 409 (6th Cir. 2001) (citing *Monell*, 436 U.S. at 690-91). Bryant's claim against the police chief in his individual capacity involved allegations that he "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct." *Birrell*, 867 F.2d at 959.

While the *Monell* claims and the claims against the police chief may involve allegations

10

of more widespread conduct than the claim against Officer Nighbert, all the claims necessarily involved Nighbert's conduct when he arrested Bryant. If the claim against Officer Nighbert had failed, the *Monell* claims and claims against the police chief would have also failed. Further, the claim against Officer Nighbert would reasonably involve research regarding the broader issue of training and supervision in reasonable police procedures offered generally by the police department. The claim against Officer Nighbert also reasonably involved research regarding prior complaints against Officer Nighbert himself.

Thus, it is difficult to divide the hours spent on the claim against Nighbert from the hours spent on the *Monell* claims and the claim against the police chief. Accordingly, these are all related claims for purposes of the lodestar calculation.

Officer Nighbert also objects to any fees incurred in pursuit of the charges against Officers Bird and Shelley. (Rec. No. 118, Response at 9). The claims against Officers Bird and Shelley involved allegations that these officers had the means and opportunity to intervene to prevent Officer Nighbert from using excessive force. Thus, these claims involved essentially the same facts as the excessive force charge against Officer Nighbert. Accordingly, they are related claims.

While Officer Nighbert does not appear to specifically object to any fees incurred by Bryant in pursuit of his state law claims, the Court will nonetheless address those claims to determine if they are related to the successful claim. Again, Bryant charged Officer Nighbert with false arrest, malicious prosecution, intentional infliction of emotional distress and assault and battery. These claims all depend upon substantially the same facts as the excessive force claim, i.e., the events occurring at the time of Bryant's arrest and, therefore, are related.

Accordingly, all of the claims made in the Amended Complaint are related for purposes of the lodestar calculation and subtracting hours spent on unsuccessful claims is inappropriate. Thus, the lodestar calculation in this case is $148,391.50 which includes all of the hours charged by the Plaintiffs' attorneys multiplied by their customary hourly rates as reflected on page 26 of their billing statement except that the maximum hourly rate is $225 per hour and Jaron Blandford's hourly rate is reduced to $150 per hour.

**2. Overall Success on Related Claims.**

The next issue is whether Bryant achieved a level of success that makes the hours reasonably expended on these claims a satisfactory basis for making a fee award. There is no doubt that, of the related claims, the central charge was that Nighbert used excessive force in arresting Bryant. All the remaining charges depended upon that finding. On that charge, Bryant was successful. Furthermore, as discussed above, the proof on all of these charges is so related that it is difficult to extract time spent on the successful claim from that spent on the unsuccessful claims.

The Bryants' award of $35,000 in total damages may be less than the parties discussed in settlement as Officer Nighbert states. Nevertheless, it is significantly more than the nominal award which the jury was specifically given an opportunity to award in the jury instructions.

Furthermore, the Supreme Court has recognized that, "a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms" and that the public as a whole has an interest in the vindication of these rights "over and above the value of a civil rights remedy to a particular plaintiff." *Riverside*, 477 U.S. at 574. Considering the overall success of this litigation, including the important social benefits

12

obtained by successful civil rights plaintiffs, the Court determines that no reduction in attorneys' fees is appropriate on the basis of "results obtained." Thus, the Court will award attorneys' fees of $148,391.50.

**B.     Costs.**

Rule 54(d) has long-provided that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1); *Northcross v. Board of Education*, 611 F.2d 624, 639 (6th Cir. 1979). Likewise, "[t]he authority granted in section 1988 to award a 'reasonable attorney's fee' included the authority to award those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services. Reasonable photocopying, paralegal expenses, and travel and telephone costs are thus recoverable pursuant to the statutory authority of § 1988." *Northcross*, 611 F.2d at 639.

Costs incurred by a party to be paid to a third party, not the attorney for the case, including docket fees, investigation expenses, deposition expenses, witness expenses and the costs of charts and maps, have "long been recoverable in the court's discretion as costs, pursuant to 28 U.S.C. §1920." *Id.*[3] "[T]he authorization for the allowance of such costs is not related to the separate authorization for attorney's fees provided in section 1988." *Id*. at 640. "The award of statutory costs is a matter for the district court, in its best judgment as to what

---

[3] 28 U.S.C. § 1920 states that a judge may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters. . . .

13

was reasonable and necessary. . . ." *Id.*

Officer Nighbert objects to certain costs incurred by the Plainitffs' attorneys for expert witness Weedman and the costs of obtaining a videotape enhancement of the incident in question. Again, Weedman testified at trial. While the Court limited expert testimony regarding the videotape enhancement, the tape was used at trial. Accordingly, the Court does not find these costs unreasonable or unnecessary and the Court will award Plaintiffs litigation costs of $17,453.88.

### III. Conclusion.

For all the above reasons, the Court GRANTS the Bryants' Motion for Attorney Fees in part and DENIES it in part. The Court GRANTS the motion insofar as the Bryants request an award of reasonable attorneys' fees and costs and the Motion is otherwise DENIED. The Court further ORDERS that the Bryants shall be awarded attorneys' fees in the amount of $148,391.50 and costs of $17,453.88.

This 14th day of September, 2005.

**Signed By:**
*Karen K. Caldwell* KKC
**United States District Judge**